**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00128-RM-MEH

UNITED STATES OF AMERICA, *ex rel.,*
STATE OF COLORADO, *ex rel.*,

STEVEN L. PATTERSON, Relator,

      Plaintiffs,

v.

ROCKY MOUNTAIN GASTROENTEROLOGY ASSOCIATES, PLLC,
ANESTHESIA ASSOCIATES OF THE FRONT RANGE, LLC, and
ANESTHESIA ASSOCIATES OF THE ROCKIES, LLC;

      Defendants.

## ORDER

This matter is before the Court on Relator Steven L. Patterson's notice to voluntarily dismiss the Complaint without prejudice (ECF No. 18) filed pursuant to 31 U.S.C. § 3730(b)(1) and Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Also before the Court is the United States of America's first amended consent to Relator's notice of voluntary dismissal without prejudice (ECF No. 25) and the United States of America's amended motion to unrestrict case and maintain Level 2 restriction of certain filings (ECF No. 26) ("Amended Motion")[1].

---

[1] The United States had previously filed a motion to unrestrict case and maintain Level 2 restriction of certain filings. (ECF No. 21.) The prior motion asked that the Court lift the restriction on it. (ECF No. 21 at 2.) The Amended

1

## I. BACKGROUND

On January 16, 2014, proceeding on behalf of the United States, Relator filed this qui tam action alleging that Defendants violated the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b ("AKS") and False Claims Act, 31 U.S.C § 3729 *et seq*. (ECF No. 1.)

The United States investigated the matter. (ECF No. 25[2] at 2-5.)

On March 20, 2015, Relator filed a notice of voluntary dismissal. (ECF No. 18.)

On March 24, 2015, the United States filed a notice of consent to the dismissal. (ECF No. 20.) The Court deemed the United States' notice of consent to the dismissal insufficient and ordered further explanation as to the reason for dismissal. (ECF No. 23.) On May 21, 2015, the United States filed its amended notice of consent to the dismissal. (ECF No. 25.) The United States' amended notice of consent, among other matters, informs the Court that it has "investigated this matter, consulted with the appropriate government officials about Relator's allegations, reviewed the applicable rules and regulations relating to Defendants' conduct, and considered the totality of the circumstances." (ECF No. 25 at 5.) The United States "consents to Relator's voluntary dismissal of this action because it is commensurate with the public interest." (ECF No. 25 at 5.)

## II. LEGAL STANDARDS

### A. Dismissal of Qui Tam Action

Pursuant to 31 U.S.C. § 3730(b)(1), a qui tam action may be voluntarily dismissed only if

---

Motion makes no reference to this prior motion. (*See generally* ECF No. 26.) Because the analysis is the same as to both motions, the Court subsumes the prior motion into the Amended Motion.

[2] The document referenced is restricted.

the Court and the Attorney General give written consent to the dismissal.

### B. Restriction on Access to Filings

Pursuant to D.C.COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the Court must: (1) identify the documents for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.

## III. ANALYSIS

### A. Dismissal of Qui Tam Action

Upon consideration of Relator's notice of dismissal (ECF No. 18), the United States' amended notice of consent (ECF No. 25), the representation of the parties, the Court file, and the applicable rules, statutes, and law, the Court finds the requirements for dismissal have been met and good cause has been shown. Accordingly, the Court consents to the dismissal of this matter.

### B. Restriction of Certain Filings

The United States moves to unrestrict the matter but maintain Level 2 restriction on certain filings. (ECF No. 26.) The United States seeks that the Court lift the public access restrictions on the Complaint (ECF No. 1), the United States' consent to the Relators' notice of voluntary dismissal without prejudice (ECF No. 20), the amended motion to unrestrict case and maintain Level 2 restriction of certain filings (ECF No. 26), and that any filing in this action

going forward be unrestricted absent a Court order. (ECF No. 26 at 2.) The United States seeks that the Court maintain Level 2 restriction on the United States' motions for extension of time to elect to intervene (ECF Nos. 9; 14) and the United States' First Amended consent to Relator's notice of voluntary dismissal (ECF No. 25). These filings (ECF Nos. 9; 14; 25) discuss confidential details of the United States' investigation of the alleged violations.

Section 3730(b)(3) of the False Claims Act permits the government to petition the Court for extensions of the evaluation period and the time for which the complaint remains under seal. Those extensions are only granted upon the showing of good cause. The good cause requirement is "a substantive one, which the government can only satisfy by stating a convincing rationale for continuing the seal." *United States ex rel. Costa v. Bakery & Taylor, Inc.*, 955 F. Supp. 1188, 1190 (N.D. Cal. 1997). Here, the United States presents a reason to maintain the seal with respect to its motions for extension (ECF Nos. 9; 14) and its amended notice of consent to Relator's notice of voluntary dismissal (ECF No. 25): those submissions discuss confidential details of its investigation of the alleged violations and were made with the understanding that they were *in camera* submissions under the False Claims Act. (ECF No. 26 at 5.)

"Many courts have recognized 'that, by permitting *in camera* submissions, the [False Claims Act] necessarily invests the court with the authority either to maintain the filings under seal or to make them available to the parties.'" *United States ex rel. Littlewood v. King Pharm., Inc.*, 806 F. Supp. 2d 833, 842-43 (D.Md. 2011) (citations omitted). The Court "must consider and balance the harm that might result from disclosure against the countervailing need for disclosure." *Id*. at 843 (citations omitted). "When the 'harm of unsealing outweighs the need

for the documents, courts will deny motions to unseal [False Claim Act] documents." *Id*. (citation omitted). It is appropriate to decline to unseal filings where "disclosure of confidential investigative techniques, of information which could jeopardize an ongoing investigation, or of matters which could injure non-parties is requested." *Id*. (citation and emphasis omitted). "Conversely, unsealing is appropriate if the documents merely disclose 'routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business . . . [and] contain[] no information about specific [investigatory] techniques.'" *Id*. (alterations in original and citations omitted).

In this matter, the United States has articulated a persuasive reason for maintaining the restriction on its motions for extensions of time (ECF Nos. 9; 14) and its amended notice of consent to Relator's notice of voluntary dismissal (ECF No. 25). (ECF No. 26 at 5.) Relator has not filed an objection. (*See generally* Dkt.) The Court finds that United States has satisfied the requirements of Local Civil Rule 7.2 and has shown good cause to retain the restriction on certain filings (ECF Nos. 9; 14; 25).

## IV.    CONCLUSION

Based on the foregoing, the Court:

(1)    DISMISSES all claims in this civil action, without prejudice, as to Relator Steven L. Patterson;

(2)    DISMISSES all claims in this civil action, without prejudice, as to the United States; and

(3)    UNSEALS the matter;

5

    (4)    UNRESTRICTS the following filings:

        (i)    the Complaint (ECF No. 1);

        (ii)    the United States' consent to the Relator's notice of voluntary dismissal without prejudice (ECF No. 20);

        (iii)    the Amended Motion (ECF Nos. 26; 21); and

    (5)    MAINTAINS LEVEL 2 RESTRICTION on the following filings:

        (i)    United States' motions for extension of time to consider election to intervene (ECF Nos. 9; 14);

        (ii)    United States' amended consent to Relator's notice of voluntary dismissal without prejudice (ECF No. 25).

DATED this 2nd day of June, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge